UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re:                                §
                                      §
WESSELY, GARY JOSEPH                  §    Case No. 11-35472
                                      §
                  Debtor(s)           §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on             .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]         $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

   5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

   6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

   7.  The Trustee's proposed distribution is attached as **Exhibit D**.

   8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

   The trustee has received $ _____ as interim compensation and now requests a sum of $ _____ , for a total compensation of $ _____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ _____ , and now requests reimbursement for expenses of $ _____ , for total expenses of $ _____ [2].

   Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/NORMAN NEWMAN_____
                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No.: | 11-35472 EW | Judge: EUGENE R. WEDOFF | | Trustee Name: | NORMAN NEWMAN |
| Case Name: | WESSELY, GARY JOSEPH | | | Date Filed (f) or Converted (c): | 08/30/11 (f) |
| | | | | 341(a) Meeting Date: | 09/27/11 |
| For Period Ending: | 11/12/13 | | | Claims Bar Date: | 07/02/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking account with BOA | 1.00 | 1.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 2. Savings account with BOA | 0.00 | 0.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 3. Checking account with Harris Bank | 1,800.00 | 0.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 4. Household goods; TV, DVD player, TV stand, stere | 1,000.00 | 0.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 5. Books, Compact Discs, Tapes/Records, Family Pict | 30.00 | 0.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 6. Necessary wearing apparel. | 150.00 | 0.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 7. watch, costume jewelry | 15.00 | 0.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 8. Whole Life insurance with Prudential | 22,103.00 | 21,479.00 | | 22,621.32 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 9. 401(K) w/ Employer/Former Employer - 100% Exempt | 11,111.00 | 11,111.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 10. 2000 Jeep Cherokee | 2,975.00 | 575.00 | | 0.00 | FA |
|     Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 11. Refund of Fees (u) | 0.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)     $39,185.00     $33,166.00     $22,621.32     $0.00

(Total Dollar Amount in Column 6)

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 11-35472 EW Judge: EUGENE R. WEDOFF | Trustee Name: NORMAN NEWMAN |
| Case Name: | WESSELY, GARY JOSEPH | Date Filed (f) or Converted (c): 08/30/11 (f) |
| | | 341(a) Meeting Date: 09/27/11 |
| | | Claims Bar Date: 07/02/12 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Received proceeds from life insurance policies. Preparing Final Report.

Initial Projected Date of Final Report (TFR): 11/30/12        Current Projected Date of Final Report (TFR): 11/30/13

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 11-35472 -EW | | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|---|
| Case Name: | WESSELY, GARY JOSEPH | | Bank Name: | THE BANK OF NEW YORK MELLON |
| | | | Account Number / CD #: | *******1665  Checking Account |
| Taxpayer ID No: | *******6397 | | | |
| For Period Ending: | 11/12/13 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/30/12 | 8 | Prudential Insurance Co. 2101 Welsh Road Dresher, PA 19025 | Cash Surrender of Life Insurance Policy per Order dated 2/28/12 DEPOSIT CHECK #2530061328 | 1129-000 | 9,698.39 | | 9,698.39 |
| 03/30/12 | 8 | Prudential Insurance Co. 2101 Welsh Road Dresher, PA 19025 | Cash Surrender of Life Insurance Policy per Order dated 2/28/12. DEPOSIT CHECK #2530061329 | 1129-000 | 12,922.93 | | 22,621.32 |
| 04/17/12 | 001001 | Gary J. Wessely 1942 N. Harding Avenue Chicago, IL 60647 | Exemption Paid on the Insurance Policies | 8100-000 | | 624.00 | 21,997.32 |
| 04/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 40.17 | 21,957.15 |
| 05/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 49.71 | 21,907.44 |
| 06/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 43.39 | 21,864.05 |
| 07/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 47.78 | 21,816.27 |
| 08/21/12 | 001002 | Miller Cooper & Co., Ltd. 1751 Lake Cook Road Suite 400 Deerfield, IL 60062 | Retainer for accounting services | | | 2,500.00 | 19,316.27 |
| | | | Fees           2,480.00 | 3410-000 | | | |
| | | | Expenses          20.00 | 3420-000 | | | |
| 08/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 46.19 | 19,270.08 |
| 09/28/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 41.29 | 19,228.79 |
| 10/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 43.34 | 19,185.45 |
| 11/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 39.31 | 19,146.14 |
| 12/31/12 | | The Bank of New York Mellon | Bank Service Fee | 2600-000 | | 37.92 | 19,108.22 |
| 01/09/13 | | Transfer to Acct #*******4236 | Bank Funds Transfer | 9999-000 | | 19,108.22 | 0.00 |

Page Subtotals          22,621.32          22,621.32

FORM 2

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 11-35472 -EW | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|
| Case Name: | WESSELY, GARY JOSEPH | Bank Name: | THE BANK OF NEW YORK MELLON |
| | | Account Number / CD #: | *******1665 Checking Account |
| Taxpayer ID No: | *******6397 | | |
| For Period Ending: | 11/12/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | Memo Allocation Receipts: | 0.00 | COLUMN TOTALS | 22,621.32 | 22,621.32 | 0.00 |
| | | Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | 0.00 | 19,108.22 | |
| | | | | Subtotal | 22,621.32 | 3,513.10 | |
| | | Memo Allocation Net: | 0.00 | Less: Payments to Debtors | | 624.00 | |
| | | | | Net | 22,621.32 | 2,889.10 | |

Page Subtotals 0.00 0.00

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 3
Exhibit B

| Case No: | 11-35472 -EW | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|
| Case Name: | WESSELY, GARY JOSEPH | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******4236 Checking Account |
| Taxpayer ID No: | *******6397 | | |
| For Period Ending: | 11/12/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/09/13 | | Transfer from Acct #*******1665 | Bank Funds Transfer | 9999-000 | 19,108.22 | | 19,108.22 |
| 01/28/13 | 001001 | Illinois Department of Revenue | 2012 Tax Return | 2810-000 | | 330.00 | 18,778.22 |
| | | Springfield, IL 62726-0001 | | | | | |
| 02/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 21.07 | 18,757.15 |
| 02/15/13 | 001002 | International Sureties, Ltd. | Bond #016026455 | 2300-000 | | 13.36 | 18,743.79 |
| 03/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 25.23 | 18,718.56 |
| 04/05/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 27.83 | 18,690.73 |
| 05/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 26.89 | 18,663.84 |
| 05/29/13 | | Miller Cooper & Co., Ltd | Refund of Fees | | | -936.75 | 19,600.59 |
| | | 1751 Lake Cook Road, Suite 400 | | | | | |
| | | Deerfield, IL 60015 | | | | | |
| | | MILLER COOPER & CO., LTD | Memo Amount: 936.75 | 3410-000 | | | |
| | | | Refund of Fees | | | | |
| 06/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 27.88 | 19,572.71 |
| 07/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 28.16 | 19,544.55 |

| | | | | | |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 936.75 | COLUMN TOTALS | 19,108.22 | -436.33 | 19,544.55 |
| Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | 19,108.22 | 0.00 | |
| | | Subtotal | 0.00 | -436.33 | |
| Memo Allocation Net: | 936.75 | Less: Payments to Debtors | | 0.00 | |
| | | Net | 0.00 | -436.33 | |

| | | | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|---|
| Total Allocation Receipts: | 936.75 | TOTAL - ALL ACCOUNTS | | | |
| Total Allocation Disbursements: | 0.00 | Checking Account - *******1665 | 22,621.32 | 2,889.10 | 0.00 |
| | | Checking Account - *******4236 | 0.00 | -436.33 | 19,544.55 |
| Total Memo Allocation Net: | 936.75 | | 22,621.32 | 2,452.77 | 19,544.55 |
| | | | ============ | ============ | ============ |
| | | | (Excludes Account | (Excludes Payments | Total Funds |
| | | Page Subtotals | 19,108.22 | -436.33 | |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 4

Exhibit B

| Case No: | 11-35472 -EW | | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|---|
| Case Name: | WESSELY, GARY JOSEPH | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******4236  Checking Account |
| Taxpayer ID No: | *******6397 | | | |
| For Period Ending: | 11/12/13 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | Checking Account - ********1665 | | Transfers) | To Debtors) | On Hand |
| | | | Checking Account - ********4236 | | | | |

Page Subtotals       0.00        0.00

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-35472
Case Name: WESSELY, GARY JOSEPH
Trustee Name: NORMAN NEWMAN

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: NORMAN NEWMAN | $ | $ | $ |
| Attorney for Trustee Fees: Much Shelist, P.C. | $ | $ | $ |
| Attorney for Trustee Expenses: Much Shelist, P.C. | $ | $ | $ |
| Accountant for Trustee Fees: MILLER COOPER & CO., LTD | $ | $ | $ |
| Accountant for Trustee Expenses: MILLER COOPER & CO., LTD | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ | $ | $ |
| 2 | FIA CARD SERVICES, N.A. successor to | $ | $ | $ |
| 3 | GE Capital Retail Bank | $ | $ | $ |
| 4 | LVNV Funding, LLC its successors and assigns as | $ | $ | $ |
| 5 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE