UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-35472 |
| GARY JOSEPH WESSELY, ) | Chapter 7 |
| ) | Honorable Eugene R. Wedoff |
| Debtor. ) | Hearing Date: 12/4/13 @ 10:00 a.m. |

**APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), through Norman B. Newman, one of its attorneys, and the Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Local Bankruptcy Rule 5082-1, for the allowance of final compensation in the amount of $11,234.50 and reimbursement of expenses totaling $78.65 for services rendered during the period January 3, 2012 through July 22, 2013. In support of this application, Much Shelist states as follows:

1. On August 30, 2011, the Debtor filed a voluntary case for relief under Chapter 7 of the Bankruptcy Code. The Trustee was subsequently appointed, qualified and continues to serve as Trustee in this case.

2. On May 11, 2012, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case. This application includes legal services rendered by the Trustee. Mr. Newman has taken care to distinguish his legal services from his Trustee services. Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services.

3. Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this case. To date, Much Shelist has not received any compensation for services rendered as attorneys for the Trustee.

4. Much Shelist is entitled to receive final compensation in the amount of $11,234.50 plus reimbursement of expenses in the amount of $78.65 for services rendered during the period of January 3, 2012 through July 22, 2013.

5. Much Shelist provided 21.20 hours of services on behalf of the Trustee during the time period covered by this application.

6. The following is a summary of time expended, by individual, during the time period.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 12.70 hrs. | $297.99/hr.* | $7594.50 |
| Jeffrey L. Gansberg | 7.00 hrs. | $400.00/hr. | 2,800.00 |
| Jeffrey M. Schwartz | 1.50 hrs. | $560.00/hr. | 840.00 |
| | | | |
| **TOTAL:** | **21.20 hrs.** | | **$11,234.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

7. Attached hereto as Exhibit "B" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in In re Continental Securities Litigation, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

8. At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

**A.** **Retention of Professionals (Tab No. 1):** A total of 3.40 hours of time was expended by Much Shelist on the preparation of pleadings and appearance in Court on the Trustee's Motion to Employ Attorneys and Motion to Employ Accountants. Attorneys for the

2

Trustee communicated telephonically and through written correspondence with Trustee's accountants regarding their employment agreement, the Order granting their employment and their retainer check. The individuals who provided services in connection with this matter and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.60 hrs. | $595.00/hr. | 1,547.00 |
| Jeffrey L. Gansberg | .80 hrs. | $400.00/hr. | 320.00 |
| | | | |
| **TOTAL:** | **3.40hrs.** | | **$1,867.00** |

B.     **Disposition of Assets (Tab No. 2):** A total of 9.40 hours of time was spent dealing with the surrender of and the ultimate turnover of funds related to two life insurance policies (the "Policies") owned by the Debtor. At the Section 341 meeting, the Trustee discovered that the Debtor had non-exempt interests in two life insurance policies with Prudential Insurance Company ("Prudential") with a cash value of $22,103.00. Counsel attempted numerous times to correspond with Prudential, the holder of the Policies, to discuss the surrender of the Policies, but was unsuccessful. Time was spent preparing and appearing in Court on a motion to Conduct a Rule 2004 Examination of Prudential in order to receive information pertaining to the Policies. Upon entry of the Order, the channels of communication were opened and information was forthcoming. Prudential raised concerns about being protected before it would agree to turn over the cash surrender value of the Policies. Prudential requested that the Trustee obtain a court order. A motion for Turnover of Funds was prepared and an Order was entered allowing the Trustee to receive the cash value proceeds from Prudential. Through the efforts of counsel, the Trustee was able to collect $22,621.32 for the creditors of this estate.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.20 hrs. | $595.00/hr. | $1,904.00 |
| Jeffrey L. Gansberg | 6.20 hrs. | $400.00/hr. | 2,480.00 |
|  |  |  |  |
| **TOTAL:** | **9.40 hrs.** |  | **$4,384.00** |

  **C.** **Claims Administration/Analysis (Tab No. 3)**: Norman B. Newman expended .30 hours of time totaling $178.50 in reviewing possibly objectionable claims filed by Citibank and Capital One.

  **D.** **Tax Issues (Tab No 4.):** A total of 3.30 hours of time was spent corresponding with the Trustee's accountant regarding possible tax consequences resulting from the surrender of the Policies, as well as the need to file tax returns. Time was spent reviewing: a) the Policies, b) the premium payments, c) the 1099 forms from Prudential and d) preparing federal and state tax returns for the year ending 2012. The individual who provided this service and the time spent by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.30 hrs. | $596.52/hr.* | $1,968.50 |
|  |  |  |  |
| **TOTAL:** | **3.30 hrs.** |  | **$1,968.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

  **E.** **Fee Related Matters (Tab No. 5)**: Much Shelist expended 4.80 hours of time on the preparation of and appearance in Court on Trustee's accountant's final and supplemental fee application. Time was also expended in the preparation of this fee application. The attorneys who provided services in connection with this matter and the time expended by them are as follows:

4

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.30 hrs. | $605.00/hr. | $1,996.50 |
| Jeffrey M. Schwartz | 1.50 hrs. | $560.00/hr. | 840.00 |
|  |  |  |  |
| **TOTAL:** | **4.80 hrs.** |  | **$2,836.50** |

9. During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $78.65. Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses. The charge for photocopies is 10¢ per page. Much Shelist asserts that these out-of-pocket expenses were reasonable and necessary expenses incurred in its representation of the Trustee.

10. The services which Much Shelist provided as counsel for the Trustee during the time period covered by this application were reasonable and necessary and resulted in a benefit to this estate and to the Trustee.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

1. Granting this Application and awarding Much Shelist final compensation in the amount of $11,234.50 plus reimbursement of out-of-pocket expenses in the amount of $78.65 for services rendered during the period January 3, 2012 through July 22, 2013.

2. Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a Chapter 7 expense of administration of this estate; and

3. Granting such other and further relief as this Court deems just and appropriate.

        Respectfully Submitted,

        **Much Shelist, P.C.**

        By: /s/ Norman B. Newman
            Norman B. Newman, Trustee

Norman B. Newman (Atty. ID#02045427)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive ,Suite 1800
Chicago, IL 60606
(312) 521-2000
nnewman@muchshelist.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 11-35472 |
| GARY JOSEPH WESSELY, | ) | Chapter 7 |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: Wed., 10/16/13 |
| | ) | Hearing Time: 10:00 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES**

Name of Applicant:                                   Much Shelist, P.C.

Authorized to provide professional services to:      Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment:                May 11, 2012

Period for which compensation is sought:             January 3, 2012 through July 22, 2013

Amount of fees sought:                               $11,234.50

Amount of expense reimbursement sought:              $78.65

Retainer previously received:                        $0.00

This is a(n):          Interim Application ___        Final Application  X

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated: 9/17/13                                       MUCH SHELIST, P.C.

                                                     By: /s/Norman B. Newman

7